E. GRADY JOLLY, Circuit Judge,
dissenting:
I am unwilling to join the judicial activ-i~m of my brothers in the majority. I therefore respectfully dissent. Government contracts simply cannot be forced to fit in to the statutory language of section 525 without judicially amending the statute. Section 525 protects debtors who have filed for bankruptcy from discriminatory treatment by government units with respect to licenses, permits, charters, franchises or other similar grants. A government contract is none of these grants. The interests described in the statute consist of valuable privileges granted by a governmental body acting pursuant to its authority as part of a duly constituted government. A government contract, on the other hand, is not a grant of a unilateral privilege and economic benefit in which the government acts in a sovereign capacity; rather, a government contract creates mutual benefits-and obligations-between the contracting parties and involves the government's acting with private parties in a "private," or at least nonsovereign, capacity. In granting licenses, permits, charters and the like, government expects the grantee to render a benefit to the public for which it is paid by the members of the public using that service. On the other hand, in a government contract the government expects to be provided directly with a benefit solely to it and the government pays the supplier directly for that benefit.
Although it is true that the legislative history indicates that categories set forth *156 in the statute were not meant to be exhaustive, government contracts comprise such an enormous and important category that it is implausible to hold that its omission could have possibly been an inadvertent congressional oversight. This is especially true when one considers, as indeed the panel holds, that section 525 is to be construed narrowly. If that is the principle we are to apply in the construction of section 525, it must be assumed, since government contracts are so distinct and significantly different from the categories of benefits set out in section 525, that Congress’ failure to include government contracts was intentional.
I am therefore left with a sense that the panel opinion has de facto amended section 525 to impose on the government a significant burden that was not contemplated by Congress, and I, therefore, respectfully dissent.